UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Hakan K.,

        Petitioner,

v.

Kristi Noem, *Secretary, U.S. Department of Homeland Security, in her official capacity*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement, in his official capacity*; Peter Berg, *Director, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; Samuel J. Olson, *Field Office Director of Enforcement and Removal Operations, Chicago Field Office, U.S. Immigration and Customs Enforcement*; Mellissa Harper, *Louisiana Field Office Director, Immigration and Customs Enforcement, in her official capacity*; and Eleazar Garcia, *Warden of the Alexandria Staging Center, Alexandria, Louisiana, in his official capacity*,

        Respondents.

File No. 25-CV-4722 (JMB/DTS)

ORDER

---

Evangeline Dhawan-Maloney, Robichaud, Schroepfer & Correia, P.A., Golden Valley, MN, and Mehmet Y. Turkoglu, MYT Law Firm, Minneapolis, MN, for Hakan K.

Ana H. Voss and Lucas B. Draisey, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, Samuel J. Olson, and Peter Berg.

---

      This matter is before the Court on Petitioner Hakan K.'s Amended Petition for Writ of Habeas Corpus (Petition). (Doc. No. 6 [hereinafter, "Am. Pet."].)[1] Respondents Kristi

---

[1] The Court refers to Petitioner by first name and initial pursuant to District policy.

1

Noem, Todd M. Lyons, Samuel J. Olson, Peter Berg, Mellissa Harper, and Eleazar Garcia (together "Respondents") oppose the Petition. For the reasons explained below, the Court grants the Petition and orders Hakan K.'s immediate release.

## BACKGROUND

Hakan K. is a Turkish national who entered the United States in October 2023 and has resided in the United States ever since. (Am. Pet. ¶¶ 1, 12.) After entry into the United States, he was taken into custody and released on bond under 8 U.S.C. § 1226, pending a final decision on whether he should be removed. (*Id.* ¶¶ 3, 25; *see also* Doc. No. 1-1 (explaining that on October 7, 2023, Hakan K. was detained and later released on bond "[i]n accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations").) That October 7, 2023 Order of Release on Recognizance set certain conditions of release and provided notice that "[f]ailure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by the Department of Homeland Security." (Doc. No. 1-1.) A Notice to Appear issued on October 7, 2023, set Hakan K.'s removal hearing date for November 2, 2027. (Doc. No. 12-1 at 1; *see also* Doc. No. 12 [hereinafter, "Robinson Decl."] ¶ 5.) In December 2023, Hakan K. filed an application for asylum and withholding of removal to Türkiye, which remains pending. (Am. Pet. ¶¶ 4, 26; Doc. No. 12.) On September 15, 2025, the Department of Homeland Security (DHS) issued a second notice setting a removal hearing for March 12, 2026. (Doc. No. 1-2; *see also* Robinson Decl. ¶ 7.)

On December 10, 2025, during U.S. Immigration and Customs Enforcement's (ICE)

"Operation Metro Surge" in Minnesota, ICE agents "encountered" Hakan K. in a Home Depot parking lot and detained him. (Robinson Decl. ¶ 4.) Hakan K. alleges that ICE had no apparent reason for detaining him and appears to have stopped him on the basis of his perceived ethnicity. (Am. Pet. ¶¶ 5, 7, 26.) Hakan K. has no criminal history, has never missed a court hearing or otherwise violated the conditions of his release from custody, and has a valid work permit. (*Id.* ¶¶ 4, 26.) He has been detained since then, initially in Minnesota but since December 21, 2025, at Alexandria Staging Facility in Louisiana. (*See* Robinson Decl. ¶ 9.) Respondents are currently detaining Hakan K. based on the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). (Doc. No. 6 ¶¶ 45–48; Doc. No. 11 at 2.) Hakan K. contends that because he was released on bond pursuant to section 1226, his detention under section 1225 is unlawful.

On December 22, 2025, Hakan K. filed an Emergency Motion for Temporary Restraining Order seeking an order restraining Respondents from removing him from the United States while this petition is pending and without notice to Petitioner's counsel and an opportunity to be heard. (Am. Pet. at 2.) On December 23, 2025, the Court granted the motion to preserve the status quo pending a decision on the merits of the Petition. (Doc. No. 13.) The Court ordered Respondents to respond to each count of the Petition, including whether Respondents objected to the relief requested. (Doc. No. 5.)[2]

---

[2] Hakan K. then filed an Amended Petition to add two additional federal Respondents (Harper and Garcia) based on the physical transfer of Hakan K. to the Alexandria Staging Center. (Doc. No. 6 ¶¶ 1, 17–18.) The Amended Petition no longer names Eric Tollefson, Sheriff of Kandiyohi County Jail, Minnesota, as a respondent. (*Compare* Doc. No. 6 *with* Doc. No. 1.)

3

Hakan K. asserts that his detention is unlawful for three reasons. In Count I of the Petition, he alleges that his detention on the basis of 8 U.S.C. § 1225(b) pursuant to a July 8, 2025 policy ("Interim Guidance Regarding Detention Authority for Applicants for Admission") violates the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A). (Am. Pet. ¶¶ 50–57; *see also id.* ¶ 45.) Hakan K. alleges that by revoking the 2023 Order of Release on Recognizance without consideration of any individualized facts and circumstances applicable to him, and without finding that he is a danger to the community or a flight risk, Respondents violated the APA. (*Id.* ¶ 54.) In Count II, Hakan K. challenges his redetention on the basis that Respondents wrongfully contend that 8 U.S.C. § 1225(b) applies to him, rather than 8 U.S.C. § 1225(a), in violation of the Immigration and Nationality Act (INA). (*Id.* ¶¶ 58–60.)[3] Finally, in Count III, Hakan K. asserts violations of the Due Process Clause of the Fifth Amendment based on Respondents' redetention of him without a bond redetermination hearing. (*Id.* ¶¶ 61–64.) Hakan K. seeks a declaration that his "detention without an individualized determination is unlawful;" a writ of habeas corpus ordering Respondents to release him from custody or, in the alternative, to hold a prompt bond hearing to determine whether he should remain in custody; an injunction prohibiting "the Respondents from unlawfully deporting Petitioner without notification to the court, and while Petitioner's asylum case is pending," and an award of attorney fees and costs under the Equal Access to Justice Act. (*Id.* at 17.)

---

[3] The Court construes this argument as challenging the legality of Hakan K.'s arrest and redetention based on ICE's application of the wrong statutory provision, rather than seeking to assert a claim under the INA.

4

Respondents timely filed an answer to the Petition and submitted the Declaration of William J. Robinson with a copy of the October 7, 2023 Notice to Appear setting the original November 2, 2027 removal hearing. (Doc. Nos. 11, 12, 12-1.) Respondents do not seek a hearing. (Doc. No. 11 at 12.)

## DISCUSSION

In their response, Respondents argue that the Court should apply section 1225 to all noncitizens currently residing in the United States as well as those individuals seeking lawful entry into the United States after inspection and authorization by an immigration officer at a point of entry. Respondents misinterpret the law. In addition, and perhaps more importantly in this case, Respondents make no attempt to address or argue the issue of whether they violated Hakan K.'s due process rights when they detained him on December 10, 2025, without revoking the previous bond or otherwise following any process to reverse their previous decision to apply section 1226 to Hakan K. and to release him pursuant to that section. Because Respondents continue to rely on an incorrect interpretation of sections 1225 and 1226 and because the portion of the Petition challenging the arrest of Hakan K. is unopposed, the Court grants the Petition.

### A. Constitutional Guarantee of Habeas Review and Due Process

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2));

5

*Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

In addition, the Constitution also guarantees every person in the United States due process of law, including persons who are not United States citizens. *E.g.*, *Lopez v. Heinauer*, 332 F.3d 507, 512 (8th Cir. 2003) ("The Supreme Court has long recognized that deportable aliens are entitled to constitutional protections of due process." (citing *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903))); *see also, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (*per curiam*) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))); *Zadvydas v. Davis*, 533 U.S. 678, 695 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

**B.      Respondents' Incorrect Interpretation of Section 1225**

Respondents argue that section 1225 mandates Hakan K.'s detention because it applies to all noncitizens present in the United States without having been admitted. As

6

this Court has previously concluded, however, Respondents' interpretation lacks merit.

Courts have overwhelmingly rejected Respondents' interpretation. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases). Moreover, Respondents offer no new basis for their interpretation or statutory analysis. Absent some new argument, the Court's analysis of this issue remains the same as in previous cases. *See, e.g.*, *Ali C. v. Noem*, File No. 25-cv-4615, Doc. No. 11 (D. Minn. Dec. 22, 2025) (concluding that contrary to Respondents' argument, the plain text of section 1225(b)(2) limits its application only to persons who presently are attempting to enter the United States at the time of their detention and that Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws, the relevant legislative history, and longstanding government practice (citations omitted)); *see also, e.g.*, *Barco Mercado*, 2025 WL 3295903, at *8 (citing the U.S. Department of Justice's statement in 1997 that "[d]espite being applicants for admission, noncitizens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination"); *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150–51 (D. Minn. 2025) (discussing the longstanding practice of noncitizens who resided in the United States, but who had entered without inspection, as being treated subject to section 1226(a)).

As in previous cases, here, section 1226 applies to Hakan K., not section 1225. Hakan K. has been residing in the United States since he entered the United States in 2023. There are no facts presented and no argument that at the time of his arrest, Hakan K. was

attempting to enter the United States. Likewise, there is no indication in the record that prior to December 10, 2025, the federal government ever sought to subject him to mandatory detention pursuant to section 1225. Because Hakan K. had already entered the United States approximately two months before filing his asylum application and approximately two years before his arrest, he cannot accurately be said to seeking entry into the United States on the date of his detention.

Moreover, contrary to Respondents' argument, a pending application for asylum does not automatically subject the applicant to mandatory detention under section 1225. The Court agrees with and is persuaded by the well-reasoned opinion in *Barco Mercado* finding that on similar facts, the petitioner's redetention was not justified under section 1225(b). 2025 WL 3295903, at *1–2, 5. The definition of "admission" in this context means "the lawful *entry* of the noncitizen into the United States after inspection and authorization by an immigration officer." *Id.* at *5 (quoting 8 U.S.C. § 1101(a)(13)(A) (emphasis altered)). Even by applying for asylum, a "noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful *entry* into the United States," because the "entry, whether lawful or unlawful, occurred years ago." *Id.* (emphasis in original). Other courts have reached this same conclusion under similar facts. *E.g.*, *Quishpe-Guaman v. Noem*, No. 4:25-CV-00211-TWP-KMB, 2025 WL 3201072, at *4 (S.D. Ind. Nov. 17, 2025) (finding it was "strong evidence" that the federal government earlier released a noncitizen on her own recognizance under section 1226 and rejecting Respondents' argument that her asylum application shows that she "is plainly seeking admission to the United States"); *Mayamu K. v. Bondi*, File No. 25-3035

8

(JWB/LIB), 2025 WL 3641819, at *4, 8 (D. Minn. Oct. 20, 2025) (concluding that despite a pending asylum application, the petitioner's previous Order of Release on Recognizance under section 1226 precludes detention under section 1225).

For these reasons, the Court again declines to accept Respondents' unlimited interpretation of section 1225 and concludes that Hakan K.'s detention is governed by section 1226(a), not the mandatory detention provisions of section 1225(b).

### C. Respondents' Failure to Oppose Independent Grounds for Relief

Separate and independent from the applicability of section 1226, Hakan K. also contends that the Due Process Clause compels immediate release. Respondents made no argument to the contrary, and the Court considers this portion of Hakan K.'s request unopposed. Therefore, the Court alternatively grants the petition on this basis.

The Court is also persuaded by the reasoning of the *Barco Mercado* court on the issue of whether the redetention of a person previously ordered released under section 1226—without Respondents first formally revoking that order of release or following any procedures prior to making a decision that conflicts with an order of release—violates due process. Persons ordered released become entitled to procedural protections:

> If respondents were going to redetain [a person previously ordered released] lawfully, they would have had to have done so pursuant to section 236 and its attendant regulations. To be sure, section 236(b) would have allowed the Attorney General to, at any time, revoke [the person's] bond, rearrest him under the original warrant he was issued, and detain him. . . . But redetaining [a person] under section 236 would have required respondents to provide [the person] with a series of procedural protections set forth in applicable regulations. To properly redetain [a person] under section 236, an immigration officer first would have had to exercise his or her discretion to revoke

9

> [the person's] release on bond. After [the person] was redetained, his bond would have had to have been revoked and cancelled. [The person] then could have applied to an immigration judge for a bond hearing and release. If the immigration judge denied his request, [the person] could have appealed that decision to the BIA.

*Id.* (citing 8 C.F.R. § 236.1(c)(8)-(9) & (d)).

In this case, Respondents make no argument to the contrary or present any facts to contest or call into question the content or date of the Order of Release on October 7, 2023. For this reason alone, the Court agrees with Hakan K. that due process compels the requested relief.

Nevertheless, the Court also grants this relief because there is no indication in the record presented that any official afforded any process at all to Hakan K. prior to his arrest. It is undisputed that Hakan K. was ordered released on his own recognizance pursuant to section 1226, and had been residing in the United States pursuant to that decision for more than two years before his December 10, 2025 arrest. (*See* Doc. No. 1-1.) The record also shows that no official made any individualized, discretionary decision to revoke Hakan K.'s section 1226 release. Instead, Hakan K. was stopped in a Home Depot parking lot— either indiscriminately or based on his ethnicity—and detained solely pursuant to Respondents incorrect interpretation of section 1225. (*See, e.g.*, Doc. No. 11 at 3 ("ICE encountered [Hakan K.] in St. Paul on December 10, 2025, and detained him under 8 U.S.C. § 1225(b)(2)(A) and *In re Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)." (citing Robinson Decl. ¶ 4).)[4] The Court thus concludes that Hakan K.'s

---

[4] The Court is also concerned that these actions could constitute a violation of the APA.

redetention was unlawful. As in the *Barco Mercado* case, the total lack of process and the redetention of Hakan K. under the wrong statute violated his due process rights. *See Barco Mercado*, 2025 WL 3295903, at *12.[5] Accordingly, the Court grants the Petition.[6]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Hakan K.'s Petition for a writ of habeas corpus is GRANTED in part as follows:

1. Respondents are ORDERED to release Petitioner Hakan S. from custody immediately, and in any event no later than 1:00 p.m. CST on December 25, 2025, subject to and in accordance with the conditions in his preexisting Order of Release on Recognizance dated October 7, 2023.

---

The undisputed facts of this case would likely also establish that Respondents failed to comply with their own regulations, *see, e.g.*, 8 C.F.R. § 236.1(c)(9), and reflect an automatic action pursuant to a general policy change, not an individualized decision concerning Hakan K. or even a decision specifically concerning persons previously ordered released under section 1226. Given its decision to grant the petition based on the balance of cases rejecting Respondents' broad interpretation of section 1225 and based on the requirements of the Due Process Clause, the Court need not also address whether the APA separately justifies granting the Amended Petition.

[5] To the extent that Respondents contend the appropriate remedy is a custody redetermination hearing and not immediate release (*see* Doc. No. 11 at 11–12), the Court is unconvinced. Hakan K. already was released under section 1226 (*see* Doc. No. 1-1), and Respondents offer no basis for the Court to conclude that once released under section 1226, a person may be arrested at any time without formal revocation of the release order or any bond imposed and, thereafter, be prohibited from seeking release in a subsequent habeas proceeding.

[6] The Court does not address Hakan K.'s request for an award of fees and costs under the Equal Access to Justice Act; he may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

2.  Within seven days of the date of this Order, counsel for Respondents is ORDERED to provide a declaration pursuant to 28 U.S.C. § 1746 affirming that Petitioner was released from custody in accordance with this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 24, 2025                /s/ *Jeffrey M. Bryan*
                                        Judge Jeffrey M. Bryan
                                        United States District Court